IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**HORACE ANTHONY GRAHAM,**

Petitioner,

v.  Civil Action No. **3:11cv14**

**VIRGINIA SUPREME COURTS,**

Respondent.

## MEMORANDUM OPINION

Horace Anthony Graham, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss (Docket No. 4) and a Rule 5 Answer (Docket No. 5), providing Johnson with appropriate *Roseboro*[1] notice (Docket No. 7). Johnson responded. (Docket No. 8.) The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

The procedural history of Graham's journey through the federal and state judicial and penal systems drives the allegations in his petition for writ of habeas corpus.

#### A. Graham's Arrest

The U.S. Drug Enforcement Administration arrested Graham on July 23, 2004. *United States v. Graham*, No. 3:04-cr-266 (E.D. Va.). The federal government held Graham in the Northern Neck Regional Jail on federal drug charges. Graham was indicted on August 17, 2004 and arraigned on August 30, 2004.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

### B. Graham's State Charges and Plea

While in custody on federal charges, on October 4, 2004, the Henrico County Circuit Court ("Circuit Court") sentenced Graham for possession with intent to distribute cocaine and possession of heroin.[2] The Circuit Court sentenced Graham to serve a fifteen-year term of imprisonment, with eleven years suspended. The Circuit Court ordered that Graham's "sentences shall run **consecutive** with all other sentences." (Br. Supp. Mot. Dismiss Ex. 1, at 1.) Graham was returned to the custody of federal authorities at Northern Neck Regional Jail.

### C. Graham's Federal Charges, Plea, and Sentence

On October 15, 2004, Graham pleaded guilty in federal Court to possession with intent to distribute cocaine. On October 28, 2004, the Virginia Department of Corrections ("VDOC") lodged a detainer with the U.S. Marshal Service.[3] On January 20, 2005, the federal Court sentenced Graham to a 188-month term of imprisonment. The Court's judgment specifically ordered the federal sentence "to run concurrently with the present state sentence." Judgment in a Criminal Case at 2, *Graham*, No. 3:04cr266 (E.D. Va. filed Jan. 20, 2005) (capitalization corrected). Graham began serving time on the federal charges. On July 20, 2005, the federal Bureau of Prisons sent VDOC a detainer action letter confirming the placement of the VDOC detainer. On April 2, 2009, this federal Court reduced Graham's sentence to time served as of April 28, 2009. Order, *Graham*, No. 3:04cr266 (E.D. Va. entered Apr. 2, 2009).

---

[2] Graham had been found guilty on August 28, 2003 (Br. Supp. Mot. Dismiss Ex. 1, at 1) and the Circuit Court had issued a capias on September 26, 2003 and a bond forfeiture summons on December 11, 2003 (Br. Supp. Mot. Dismiss Ex. 1, at 2).

[3] "A detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." *Commonwealth v. Venable*, No. 1179-09-3, 2009 WL 3347087, at *3 (Va. Ct. App. Oct. 20, 2009) (internal quotation marks, citations, and emphasis omitted).

2

### D. Graham's State Sentence

On April 29, 2009, VDOC received custody of Graham from the U.S. Marshal. At that time, Graham received his VDOC prisoner number. Graham began to serve the four-year state sentence imposed by the Circuit Court.

## II. GRAHAM'S CLAIMS

Graham raises three claims for relief:

| | |
|---|---|
| Claim One | "Virginia Supreme Court lacked jurisdiction to modify the Petitioners Federal concurrent sentence." (§ 2254 Pet. 6.) |
| Claim Two | "State Court violated Petitioners 14th Amendment under due process of law." (§ 2254 Pet. 7.) |
| Claim Three | "The Lawyer of the Petitioner was ineffective." (§ 2254 Pet. 9.) |

Respondent moved to dismiss on the grounds that Claims One and Two lack merit and Claim Three is procedurally defaulted.

## III. ANALYSIS

### A. Claims One and Two Lack Merit

In Claims One and Two, Graham alleges that his due process rights were violated because the state court did not have the authority to modify the federal Court's order that his federal and state sentences run concurrently. The factual underpinning of these claims is that because Graham was sentenced by the state court first, he should have been serving his state sentence while also serving on the federal charges. Graham presented a very similar claim to the Supreme Court of Virginia. The Supreme Court held:

> The record, including the sentencing order from Virginia, the petition for a writ of habeas corpus and correspondence from the Department of Corrections to petitioner, demonstrates that petitioner's Virginia sentences were ordered to be served

consecutively to all other sentences, that a detainer was lodged by the Virginia Department of Corrections with the United States Marshal Service prior to petitioner's sentencing in federal court, and that petitioner was not relinquished to the custody of the Virginia Department of Corrections until he completed serving his federal sentence.

*Graham v. Director*, No. 100237, at 2 (Va. Sept. 1, 2010). Because the Supreme Court of Virginia adjudicated this claim on the merits, this Court may not grant habeas relief thereon unless the Supreme Court of Virginia's adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Graham's argument rests on the faulty proposition that he was serving the state sentence at the same time he was serving the federal sentence. This argument is foreclosed by the determination that he was under the primary jurisdiction of federal authorities when his state sentence was imposed.

Graham was under the primary jurisdiction of the federal government until April 29, 2009. Generally, where "an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied." *Sanchez v. Coakley*, No. CCB-10-1585, 2011 WL 334692, at *3 (D. Md. Jan. 28, 2011) (*citing United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998)); *see also Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010) ("'Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration.'" (*quoting United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir.

1980))); *United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008). Thus, Graham was under the primary jurisdiction of the federal authorities at the time his state sentence was imposed.[4]

When the state authorities "borrowed" Graham from the federal authorities in order to prosecute him, the federal authorities did not relinquish that primary jurisdiction. *See Thomas v. Whalen*, 962 F.2d 358, 360-61 (4th Cir. 1992). Nor did the detainer effect a transfer of jurisdiction by operation of law. *Id.* at 360. "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail; 2) dismissal of charges; 3) parole; or 4) expiration of sentence." *Papadapoulous v. Johns*, No. 5:09-HC-2009-FL, 2011 WL 1104136, at *5 n.4 (E.D.N.C. Mar. 22, 2011) (citing *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005); *McCollough v. O'Brien*, No. 7:06-CV-712, 2007 WL 2029308, at *1 (W.D. Va. July 10, 2007)). Accordingly, the federal authorities relinquished primary jurisdiction over Graham when his sentence expired on April 29, 2009.

In this instance, the sovereign with secondary jurisdiction—the Commonwealth of Virginia—sentenced Graham *first*. Accordingly, that sentence did not begin to run until the entity with primary jurisdiction—the Bureau of Prisons—relinquished jurisdiction. *United States v. Cibrian*, 374 F. App'x 524, 529 n.5 (5th Cir. 2010); Erin E. Goffette, *Sovereignty in Sentencing: Concurrent and Consecutive Sentencing of a Defendant Subject to Simultaneous State and Federal Jurisdiction*, 37 Val. U. L. Rev. 1035, 1057 (2003) ("Therefore, the first sentence imposed is not automatically the first sentenced served by a defendant."). Thus, the state court did not modify the federal Court's order. The Supreme Court of Virginia's adjudication of this claim did not result in

---

[4] Because Virginia did not maintain physical custody of Graham after his state conviction in 2003, the United States obtained primary jurisdiction over him upon his arrest in July 2004. *Strand v. Schmittroth*, 251 F.2d 590, 599-600 (9th Cir. 1957).

a decision that was contrary to, and did not involve an unreasonable application of, clearly established federal law. Nor did it "result[]t in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Accordingly, Claims One and Two will be DISMISSED.

## B. Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

(*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews*, 105 F.3d at 911 (*citing Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).[5] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a

---

[5] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Matthews*, 105 F.3d at 911 (*citing Sweezy v. Garrison*, 694 F.2d 331, 331 (4th Cir. 1982)).

fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### C. Claim Three is Procedurally Defaulted

In Claim Three, Graham alleges that his attorney was ineffective for failing to notify the state court of Graham's federal sentence. (§ 2254 Pet. 9.) Graham never presented this claim to the Supreme Court of Virginia. Were Graham now to attempt to present these claims to that court, they would be barred by Section 8.01-654(B)(2) of the Virginia Code. That provision provides, in pertinent part, that a petition for writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of filing . . . . No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code Ann. § 8.01-654(B)(2). Section 8.01-654(B)(2) constitutes an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996). Accordingly, Claim Three is procedurally defaulted. Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of this defaulted claim. *See Harris*, 489 U.S. at 262. Graham does not assert any basis for excusing his default. Accordingly, Claim Three will be DISMISSED.

### IV. CONCLUSION

For the reasons stated above, Respondent's motion to dismiss (Docket No. 4) will be GRANTED. Graham's claims will be DISMISSED. The petition for writ of habeas corpus will be DENIED. This action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a

prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Graham is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 7/14/11
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

9